**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2637

_____

In Re: BLOCKFI INC., et al.,
Debtors

George J. Gerro,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cv-18740)
District Judge: Honorable Zahid N. Quraishi

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 9, 2025

Before: HARDIMAN, KRAUSE, and CHUNG, *Circuit Judges*.

(Filed:  September 9, 2025)
_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

George Gerro appeals the District Court's judgment dismissing his appeal from

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the Bankruptcy Court's disallowance of his claim against BlockFi, Inc. We will affirm.

## I

In 2019, Gerro borrowed $2.275 million from BlockFi. The loan was secured by Bitcoin then worth $4.55 million. When the price of Bitcoin fell in March 2020, BlockFi liquidated Gerro's collateral pursuant to its rights under the loan agreement. BlockFi suggested that it could repurchase the Bitcoin it had sold if Gerro posted more collateral to secure the loan or if he paid down some of the outstanding principal. Gerro replied about one month later, purporting to accept BlockFi's offer to reinstate his loan. But BlockFi refused to do so on the terms proposed by Gerro because the price of Bitcoin had rebounded and repurchasing Gerro's collateral in the open market would have caused BlockFi a loss of around $1 million.

BlockFi filed for bankruptcy under Chapter 11 in 2022, prompting Gerro to file a proof of claim against the debtor's estate. He argued that BlockFi violated California law by possessing and using his collateral, asserting a claim for 426 Bitcoin or the value thereof at the time BlockFi filed for bankruptcy. The Bankruptcy Court disallowed the claim and Gerro appealed to the District Court. After the District Court dismissed Gerro's appeal, he filed this appeal.

## II[1]

Gerro contends that BlockFi violated Section 22009 of the California Financial

---

[1] The Bankruptcy Court had jurisdiction under 28 U.S.C. § 157(b), and the District Court had jurisdiction under 28 U.S.C. §§ 158(a)(1) and 1334. We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291.

Code by possessing and using his collateral. The California Financial Code defines a "finance lender" to:

> *include*[] any person who is engaged in the business of making consumer loans or making commercial loans. The business of making consumer loans or commercial loans *may include* lending money and taking, in the name of the lender, or in any other name, in whole or in part, as security for a loan, any contract or obligation involving the forfeiture of rights in or to personal property, *the use and possession of which property is retained by other than the mortgagee or lender*, or any lien on, assignment of, or power of attorney relative to wages, salary, earnings, income, or commission.

Cal. Fin. Code § 22009 (emphasis added). A "finance lender" also "include[s] a personal property broker." *Id.*

Pointing to this definition, Gerro asserts that BlockFi violated its Finance Lender License and § 22009 by using and possessing his collateral. To support his argument, he cites letters sent by the California Department of Business Oversight (Department) to BlockFi in connection with its California Financing Law (CFL) license application, which stated that BlockFi could not hold borrowers' digital assets as collateral due to § 22009.

But the Department's interpretation in those letters was inconsistent with the statute. *See Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1128 (Cal. 2020) ("If the statutory language is unambiguous, then its plain meaning controls." (citation omitted)). Indeed, a few months later, the Department reversed course and awarded BlockFi a license, knowing that it would possess and use borrowers' collateral.

It did so because a finance lender "*includes* any person who is engaged in the business of making consumer loans or making commercial loans." Cal. Fin. Code

3

§ 22009 (emphasis added). Section 22009 then explains that those activities "may include" secured lending in which the lender does not use or possess the collateral. *Id.* That inclusive language ensures that certain lending activity is captured by the definition of finance lender, but it does not mark any outer limits. Put simply, BlockFi was a finance lender because it was engaged in the business of making consumer loans. And nothing in the definition itself—as opposed to the statute's extensive regulatory provisions—imposes any obligations on finance lenders.[2] *See id.* §§ 22150–22172 (general regulations); *id.* §§ 22300–22347 (consumer loan regulations); *id.* §§ 22600–22604 (commercial loan regulations).

III

For the stated reasons, we will affirm the District Court's judgment as modified.[3]

---

[2] Because BlockFi did not violate the California Financial Code, we need not address Gerro's willfulness argument. *See* Cal. Fin. Code § 22750(b) (providing a remedy for willful violations of the CFL).

[3] The District Court affirmed the Bankruptcy Court's order and dismissed Gerro's appeal. But because it had jurisdiction, we will modify its order to simply affirm the Bankruptcy Court's order.